UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RYAN SPILLMANN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:25-cv-00322-HAB-SLC |
| | ) |
| SUNRISE SEEDS PLUS, LLC, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

On June 16, 2025, Plaintiff Ryan Spillman filed a complaint in this Court against Defendant, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Plaintiff's diversity allegations in his complaint, however, are deficient.

Plaintiff alleges in the complaint that he "is and was a Texas resident . . . ." (ECF 1 ¶ 3). But an individual's citizenship is determined by his domicile. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." (collecting cases)); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Plaintiff further alleges that Defendant "is a domestic limited liability company registered with the Indiana Secretary of State to conduct business in the State of Indiana with its principal place of business in . . . Indiana." (ECF 1 ¶ 2). However, "the citizenship of an LLC for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the name and citizenship of

each member of Defendant for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). For any member of Defendant who is an unincorporated association such as an LLC or partnership, Plaintiff must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff has not yet done so. Therefore, Plaintiff is AFFORDED to and including July 7, 2025, to file a supplemental jurisdictional statement that adequately articulates each party's citizenship.[1]

SO ORDERED.

Entered this 30th day of June 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] In doing so, Plaintiff is reminded that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).