UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RYAN SPILLMANN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:25-CV-322-HAB |
| ) | |
| SUNRISE SEEDS PLUS, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER GRANTING DEFAULT JUDGMENT**

After obtaining an entry of default (ECF No. 14) against Defendant, Sunrise Seeds Plus, LLC, Plaintiff, Ryan Spillmann ("Spillmann"), moved for a Default Judgment. (ECF No. 15). Because Defendant failed to appear or otherwise defend and Plaintiff is entitled to a default judgment, the Motion is GRANTED.

*I.     Procedural Background*

On June 16, 2025, Spillmann filed his Complaint against Defendant seeking compensation for injuries sustained in a motor vehicle accident with Defendant's employee. (ECF No. 1). Spillmann's Complaint properly asserts subject matter jurisdiction based on diversity of citizenship and the amount in controversy exceeds the $75,000 threshold.

On June 25, 2025, Defendant, through its registered agent, was served by registered mail with a Summons and copy of Spillmann's Complaint. (ECF No. 8). Defendant has failed to appear or otherwise defend within the allowable time and a clerk's entry of default was issued on July 25, 2025.

*II.    Analysis*

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *Id.* However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (quoting *In re Catt*, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). On the other hand, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight,* 500 F.3d at 602 (quoting *Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc.*, 722 F2d 1319, 1323 (7th Cir. 1983)).

      **a.**    **Liability**

Taken as true, the allegations in the Complaint establish the liability of Defendant for its employee's negligence. *Clark v. Aris, Inc.,* 890 N.E.2d 760, 763 (Ind. Ct. App. 2008) ("To make a successful negligence claim, a plaintiff must establish three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by the breach of that duty."); *Scott v. Retz*, 916 N.E.2d 252, 257 (Ind. Ct. App. 2009) ("Under the

2

doctrine of respondeat superior, an employer is subject to liability for tortious acts of an employee committed within the scope of employment."). Spillmann pled that Defendant's employee "breached the duty of care owed to Plaintiff by engaging in negligent driving."[1] (ECF No. 1 at 3). "As a direct and proximate cause of the negligence," Spillmann sustained injuries requiring "the services of medical personnel for medical care and treatment." (*Id.*). He alleges damages in the form of—among other things—medical expenses, lost wages, impairment, disfigurement, and pain and suffering. (*Id.* at 5). And he alleges that Defendant's employee "was acting within the course and scope of his employment with Defendant…at the time of the collision." (*Id.* at 3). These allegations, accepted as true, establish Defendant's liability for its employee's negligence. Likewise, Spillmann's Complaint establishes claims of negligence per se by alleging that Defendant's employee violated Ind. Code § 9-21-8-8 and Ind. Code § 9-21-5-1, thereby breaching his duty. Spillmann is thus entitled to default judgment but, because this matter is not for a sum certain, a hearing is needed to determine the extent of Spillmann's damages.

## CONCLUSION

Based on the above, the Court GRANTS the motion for default judgment (ECF No. 15). The Clerk is directed to enter judgment in favor of Plaintiff. A hearing on Plaintiff's damages will be set by separate order.

SO ORDERED on August 6, 2025.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

---

[1] Spillmann's Complaint specifically enumerates ten ways in which Defendant's employee negligently drove on the date of the incident. (ECF No. 1 at 3-4).